NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
JAKE D. NARE (Cal. Bar No. 272716)
Assistant United States Attorney
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3549
     Facsimile: (714) 338-3561
     E-mail:   jake.nare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>ANTHONY SCOTT LLOYD,<br><br>        Defendant. | No. CR 17-00720-SVW<br><br>SENTENCING POSITION FOR DEFENDANT<br>ANTHONY SCOTT LLOYD<br><br>**Hearing Date:** July 16, 2018<br>**Time:**        11:00 a.m.<br>**Place:**     Courtroom of the<br>               Hon. Stephen V.<br>               Wilson |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, and Assistant United States Attorney Jake D. Nare, hereby files its Sentencing Position.

///

///

1    This submission is based upon the attached memorandum of points

2  and authorities, the Presentence Investigation Report disclosed on

3  June 11, 2018, the Recommendation Letter dated June 11, 2018, the

4  files and records in this case, and such further evidence and

5  argument as the Court may permit.  The government respectfully

6  requests the opportunity to supplement its position or respond to

7  defendant as may become necessary.

8   Dated: July 2, 2018                Respectfully submitted,

9                                      NICOLA T. HANNA
                                       United States Attorney
10
                                       DENNISE D. WILLETT
11                                     Assistant United States Attorney
                                       Chief, Santa Ana Branch Office
12

13                                             /s/
                                       _____
14                                     JAKE D. NARE
                                       Assistant United States Attorney
15
                                       Attorneys for Plaintiff
16                                     UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I. INTRODUCTION

On April 16, 2018, defendant pleaded guilty to a single count indictment charging him with a violation of 18 U.S.C. § 115(a)(1)(B), Threatening a United States Official.

In the Presentence Investigation Report ("PSR"), the United States Probation Office ("USPO") calculated a total offense level of 12. The calculated Total Offense Level included a base offense level of 12 pursuant to USSG § 2A6.1(a)(1), a four-level reduction pursuant to USSG § 2A6.1(b)(6) because the offense "involved a single instance evidencing little or no deliberation," a six-level enhancement pursuant to USSG § 3A1.2(b) because the victim was a government officer or employee and the offense of conviction was motivated by such status, and a two-point reduction for acceptance of responsibility. (PSR ¶¶ 19-32.) The USPO further calculated a Criminal History Category of I, and a resulting Sentencing Guidelines range of 10-16 months. (PSR ¶¶ 34-44.) The USPO recommends a downward variance from the recommended Guidelines range and recommends a sentence of probation for a term of three years with conditions including participation in the home detention program for a period of 12 months and 100 hours of community service, and a mandatory $100 special assessment.

## II. THE GOVERNMENT'S SENTENCING POSITION AND OBJECTIONS

The government agrees with the calculations of the USPO with the exception of the six level enhancement pursuant to USSG § 3A1.2(b), which requires that the offense be motivated by the victim's status as a government officer. As discussed in the PSR, defendant's conduct appears to arise from watching news coverage containing

excerpts of comments about the President made by Congresswoman Waters during a political rally. (PSR ¶ 18.) Therefore, although the government believes that it is a close call, it is not clear that defendant's actions were motivated by Congresswoman Waters' status as a member of Congress, as opposed to the comments themselves, regardless of the speaker's status.

The government therefore believes that the total offense level should be 6, with a resulting Sentencing Guidelines range of 0-6 month's imprisonment. The government, however, agrees with the USPO's recommended sentence of: (1) a three-year term of probation under the modified terms and conditions as referenced below; and (2) a $100 special assessment.

In the event this Court sentences defendant to a term of probation or supervised release, Central District of California General Order 05-02 requires this Court to impose certain standard conditions with which defendant must comply. The Ninth Circuit recently held that portions of those standard conditions are unconstitutionally vague. <u>United States v. Evans</u>, 883 F.3d 1154, 1162-64 (9th Cir. 2018). Specifically, the Court struck as unconstitutionally vague the following portions of Standard Conditions 5, 6, and 14, respectively:

- The requirement that defendants "meet other family responsibilities" set forth in Standard Condition 5;

- The requirement that defendants work "regularly" set forth in Standard Condition 6; and

- The lack of specificity in Standard Condition 14 regarding the meaning of "risks," "personal history," and

1           "characteristics," and who precisely the defendant is

2           required to notify.

3 Id. at 1162-64.  To account for the Ninth Circuit's holding in Evans

4 while also complying with General Order 05-02, the government

5 respectfully requests that this Court modify Standard Conditions 5,

6 6, and 14 as reflected in the attached proposed order.

7 **III.  FACTUAL BACKGROUND**

8      On October 22, 2017, defendant called United States

9 Congresswoman Maxine Waters on her Washington D.C. office telephone

10 line and left a voicemail stating:

11      "This message is directed to Maxine Waters herself.  If you

12      continue to threaten the President, which you've done this

13      morning with your comments about you're going to, what you said

14      at your little faggot conference, if you continue to make

15      threats towards the President, you're going to wind up dead,

16      Maxine, 'cause we'll kill you.  You can call the FBI, you can

17      call the NSA, you can call whoever the fuck you want and report

18      this and try to get a surge or some kind of fucking phone

19      number.  Bitch, if you do it again, you're dead.  You're a

20      fucking dead ass nigger."

21 (PSR ¶ 12.)

22 **IV.  ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS**

23      Based on the foregoing, the government recommends that defendant

24 be sentenced to a three-year term of probation under the terms and

25 conditions recommended by USPO, as modified by United States v.

26 Evans, and a $100 mandatory special assessment.  The government's

27 recommended sentence is sufficient, but not greater than necessary,

28 to achieve the purposes set forth in 18 U.S.C. § 3553(a).

1

### A.   Nature and Circumstances of the Offense

Section 3553(a)(1) requires consideration of the nature and circumstances of defendant's crime in determining an appropriate sentence.  The government's recommended sentence of three years' probation accounts for the seriousness of the offense.  Defendant left an extremely threatening message directed toward a specific public official.  While it now appears that defendant did not have any plans to carry out the threat, the victim had no way of knowing this at the time the threat was made.

Defendant, however, has a limited criminal history and the conviction that will follow as a result of his crime, along with the home detention program he will participate in for a year, constitutes significant punishment given his lack of contact with law enforcement.  The recommended sentence also accounts for the fact that defendant likely acted with little foresight, but also recognizes the seriousness of his conduct and the impact it had on a public official who needs to perform her duties without fear of threats of death from those that may disagree with her politically.

The Court should also consider the need for defendant's sentence to promote respect for the law, afford adequate deterrence, and protect the public from further crimes by defendant.  18 U.S.C. § 3553(a)(2).  The appropriate punishment must have a deterrent effect on defendant and others who may consider engaging in similar behavior toward public officials with whom they may disagree.  The resulting conviction and three years of probation defendant will receive will -- in light of his lack of criminal history -- constitute appreciable specific and general deterrence.

1

**B.   History and Characteristics of Defendant**

Section 3553(a)(1) also calls for factoring the history and characteristics of the defendant into his sentence.  The government's recommendation accounts for several mitigating factors that are listed in the PSR.  These factors include: (1) defendant's limited criminal history; (2) defendant's compliance with all pretrial conditions; (3) the fact that defendant quickly accepted responsibility for his actions both in his interview with the FBI and by quickly entering a guilty plea with the Court; (4) defendant's caretaking of his grandmother during a serious illness; and (5) as previously discussed, defendant does not appear to have had any plans to actually carry out the threat.  However, these mitigating factors must be considered along with concerns raised in the PSR about defendant's potential for violence and threatening conduct.  In addition to the threatening message left with Congresswoman Walters, defendant informed FBI agents that he intended to physically confront an individual with whom he was having an argument over the internet.  Further, the limited criminal history that defendant does have appears to involve violence.  The government, however, believes the recommended three-year term of probation will allow the USPO to monitor defendant's conduct to ensure he does not continue to engage in threatening and unstable behavior.

**V.   CONCLUSION**

The government thus respectfully recommends that the Court impose a sentence of a three-year term of probation, with a twelve month period of home detention, and a mandatory special assessment of $100.